Van Brunt, P. J.
The learned counsel for the appellant claims a reversal of the judgment herein, upon the *670 ground that the only witness (referring to McLaughlin) who attempted to give testimony having the slightest tendency to indicate fraud in the assignment is unworthy of belief, because although according to his evidence he understood that the assignment was intended to be a fraud upon creditors, he desired to take part in it.
In assuming that the proof of fraud depended upon McLaughlin’s evidence, testimony of a very important character has been overlooked, which alone would have justified the finding of the learned justice in the court below that the assignment in. question was made with the intent to hinder, delay and defraud creditors.
The assignment was made on or about November 28, 1884, and contained preferences to Abraham Soman, the father of Daniel, one of the defendants, to the amount of $836; to Henrietta Soman, wife of Lewin Soman, one of the defendants, to the amount of $600; to Dela Soman, wife of said Daniel Soman, to the amount of $200; and to Carl Wagner, the sum of $350.
Subsequently schedules were filed showing nominal assets of $4,793,944, actual assets of $4,463.04, and indebtedness including the above preferences of $6,237.21. The assignee appears to have realized only $2,400 from the assets.
John C. Beatty, the plaintiff, testified that one of the Somans, Lewin, he thought, called on him in August preceding the assignment, for the purpose of buying goods, and stated that the firm had $6,000 in their business, and that their indebtedness was confined to the tobacco trade.
Mr. Bunzl testified that on the 5th day of November, 1884, Lewin Soman represented that the firm was worth $2,500 over liabilities.
Mr. Alexander testified that on the 8th of November, 1884, Lewin Soman called to buy goods and stated that they owed money to the trade, nothing private.
Lewin Soman was examined as a witness, and although he denied the representations sworn to by Mr. Beatty, was silent as to those sworn to by Mr. Alexander, and no attempt was made to establish by him that the private debts preferred in the assignment were bona fide.
Upon the direct examination of Daniel Soman, as a witness for the defendants, no attempt was made to establish the bona fides■ of these preferences, No evidence was given to show that any of these parties were creditors of the firm upon the books of the firm. Indeed, when he was upon cross-examination, with the books before him, interrogated as to whether the name of Dela or Henrietta Soman appeared thereon, this course of examination was objected to by the defendants’ counsel, and it may fairly be inferred *671 from this course of procedure that these preferences did not appear upon the books of the firm.
The representation of Lewin Soman to Mr. Alexander, just prior to the failure, that they owed no private debts, which was uncontradicted, threw upon the defendants the burden of proving that the private debts preferred were bona fide.
They do not appear upon the books of the firm so far as we know, and no evidence was offered upon the part of the defendants to show their validity.
It is true that Daniel Soman, upon cross-examination, was interrogated about them, but his evidence is so vague and uncertain, that no reliance can be placed upon it.
The preference to Dela Soman calls for interest from May 1, 1883, in the schedules. When it was loaned and in what amounts, Daniel Soman did not know, but he thought that it was not entered in the books, and finally said that it was loaned in three amounts, twice seventy-five dollars and once fifty dollars.
As to the debt to Henrietta Soman, he was even more indefinite. He said he supposed the loan was made at different dates, he could tell there was one amount -of about §300, the other amounts he could not tell, he had forgotten.
He was entirely unable to state any of the dates or particulars of the different loans constituting the $600, and nowhere states that $600 was actually loaned to his knowledge, and it does not appear that the books of the firm contain any reference to this debt.
His testimony as to the preference to Abraham • Soman was of the same character.
In fact the case contains no evidence whatever tending in the slightest degree to show that these preferences were bona fide, and what evidence there is upon the subject casts more than suspicion upon the validity of these claims.
Thus entirely independent of the evidence of McLaughlin, the learned court below was more than justified in ■holding these preferences fraudulent.
The judgment appealed from must be affirmed with costs.
Daniels and Bartlett, JJ., concur.